(December 20, 1940.)

OTTIDA, INC., WALTER H. BOON and ETHEL GRAY BOON, HELEN UNDERWOOD HINE, HATTIE SOULE MCDEWELL, ELIZABETH STRONG and HENRY E. MCDEWELL, Plaintiffs, NORMAN F. D'EVELYN, JOHN KING RECKFORD and ALFRED C. THOMAS, Appellants, REUBEN P. SLEICHER, Appellant, Respondent, v. THE HARRIMAN NATIONAL BANK AND TRUST COMPANY OF THE CITY OF NEW YORK, Respondent, Appellant. (Consolidated Action.)

PER CURIAM. Based upon the facts which appear in the record, we have reached the conclusion that Norman F. D'Evelyn is entitled to recover the full amount for which he sued. Therefore, the judgment dismissing the complaint as to him should be reversed and judgment directed in his favor for the amount demanded in his complaint.

We are satisfied that the plaintiff Reuben P. Sleicher bought his stock for investment and, consequently, he was entitled to recover as damages in the full sum for which he instituted suit. The judgment as to him should be modified accordingly.

In so far as the claim of the plaintiff John King Reckford is concerned, we are of the opinion that the trial justice improperly struck out the telephone conversation which he had with a representative of the defendant bank. While Mr. Reckford could not identify the voice of the man who represented himself to be a Mr. Williamson of the defendant bank, still Reckford agreed to buy his two shares of the bank stock and gave directions for the delivery of them to the Guaranty Trust Company, saying that the Guaranty Trust Company would have instructions to pay for them. The stock was delivered by the bank in strict accordance with

the telephone conversation. The fact that the bank performed its part of the agreement exactly as agreed upon by Reckford and the party who made the telephone call, conclusively establishes the fact that this party must have been a duly authorized agent of the bank to make the sale. This objective circumstance sufficiently connects the party making the telephone call with the bank and renders the substance of the telephone conversation admissible in evidence. It was, therefore, error to exclude it. The effect of admitting it, of course, connects the fraud with the Harriman National Bank and Trust Company and makes the bank liable for its agent's misconduct. The bank by adopting and retaining the fruits of the fraud, adopted the agency and, consequently, is liable. The judgment as to Reckford should be reversed and judgment directed in his favor as demanded in his complaint.

The claim of the appellant Alfred C. Thomas presented a simple question of fact. We do not feel that the decision of the trial justice concerning this claim should be disturbed. As to him, the judgment should be affirmed.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

Judgment unanimously directed in accordance with opinion. Settle order on notice.