LISETTE V. RUEGG, as Administratrix of the Estate of ERHART RUEGG, Deceased, Appellant, *v*. FAIRFIELD SECURITIES CORPORATION, Respondent.

First Department, October 26, 1954.

*Harold H. Corbin, Marvin S. Machson* and *Samuel Statler* of counsel (*Charles Korn,* attorney), for appellant.

*Henry J. Bogatko* of counsel (*William M. Keegan* with him on the brief, *John I. O'Neill,* of the New Jersey Bar, by permission of the court; *Bigham, Englar, Jones & Houston,* attorneys), for respondent.

CALLAHAN, J. Prior to March 4, 1949, one William S. Arnold was indebted to plaintiff's intestate, Erhart Ruegg, in the sum of $25,000. He had executed a confession of judgment, and was being threatened with entry of judgment, unless he secured payment of the debt. He transferred to Ruegg certain rights to the proceeds of a boat then being sold, and on the date above mentioned offered to Ruegg's attorney a letter signed by the defendant in which it agreed to pay $12,000 to Ruegg for the account of Arnold as soon as certain collateral then on deposit as security for bail had been released. Ruegg's attorney, Charles Korn, refused the first letter tendered, objecting to certain provisions therein, and requested changes. Arnold then made a telephone call purportedly to Still, defendant's president, and requested the delivery of a second letter in the changed form required by Korn. Arnold then left and returned on March 7th with a second letter, the one sued on herein, which reads as follows: " At the request of Mr. William S. Arnold, we hereby agree to pay you, for the account of Mr. Arnold, the sum of Twelve Thousand ($12,000.00) Dollars within thirty (30) days after certain Bonds No. 16-2548/9-47 issued by the United States Fidelity and Guaranty Company for William S. Arnold and John Stum, have been cancelled and all the collateral now pledged to secure said bonds has been released by the United States Fidelity and Guaranty Company and returned to our affiliated company."

This action to recover on the promise to pay the $12,000 has been dismissed by the trial court, sitting without a jury, upon the ground that the proof adduced failed to establish any consideration for defendant's promise. Plaintiff claimed that there had been an agreement by her intestate to forbear suing on the $25,000 debt, or entering judgment on the confession, to defendant's knowledge, and this furnished adequate consideration.

The principal question upon this appeal is whether there was competent proof showing defendant's knowledge of plaintiff's promise to forbear. Plaintiff attempted to show such knowledge by Korn's testimony as to statements made by Arnold over the telephone in his alleged conversation of March 4th with Still, in which he told Still that judgment would be entered unless he could get defendant's written promise to pay in altered form as requested. The trial court, although it received this testimony conditionally, eventually ruled that there was insufficient competent proof to show that Still was the person to whom Arnold talked on the telephone from Korn's office. While there was no direct evidence that Korn heard the voice of Still, or could identify him as the speaker, or as to what was being said by the speaker on the outside, we think that there was sufficient circumstantial evidence in the case — largely from Still's statements on his examination before trial — to identify him as the person talking to Arnold. As the matter sought to be proved related to the question of notice or knowledge of forbearance, and not the truth of any of the statements overheard, we fail to see how the absence of Still's replies can affect the admissibility of the evidence.

The gist of Still's testimony on examination was that he gave to Arnold two drafts of a letter promising payment. The first he gave on or shortly before March 4th on the occasion of a personal visit by Arnold. This Arnold took away with him, and then Still received a telephone call from the outside from Arnold asking for changes in the substance of the letter. He detailed the changes requested in that conversation, which he said was the only telephone conversation with Arnold on the subject. These details conformed substantially with those related by Korn as having been suggested by Arnold over the telephone. Korn also said there had been but one telephone call by Arnold in his presence, and that was on March 4th from his office. We find that these circumstances compel the irresistible inference that there was but a single telephone call from Arnold to Still relating to changing the letter, and that the call came from Korn's office and in his presence (*Ottida, Inc.,* v. *Harriman Nat. Bank & Trust Co.,* 260 App. Div. 1008; *Mankes* v. *Fishman,* 163 App. Div. 789, 795). The receipt of the proof of everything Arnold said with respect to changing the letter, including notice of forbearance, thus became competent.

Having found that the testimony as to the telephone call was competent and afforded proof of knowledge of forbearance, we need not consider the question whether consideration was estab-

lished by proof of the existence of a debt from defendant to Arnold, plus defendant's promise to pay Ruegg part of the sums due on Arnold's account.

The judgment appealed from should be reversed, with costs, and judgment directed for plaintiff as demanded in the complaint.

PECK, P. J., DORE, COHN and BASTOW, JJ., concur.

Judgment unanimously reversed, with costs, and judgment is directed to be entered in favor of the plaintiff as demanded in the complaint. Settle order on notice.