■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS LYNES, Also Known as JULIUS LYONS, Also Known as JULIUS ROBINSON, Appellant.—Judgment, Supreme Court, New York County, rendered March 26, 1976, convicting the defendant, after a jury trial, of rape in the first degree, sodomy in the first degree, robbery in the first degree, and burglary in the first degree (Penal Law, §§ 130.35, 130.50, 160.15, 140.30), and sentencing defendant to imprisonment as a predicate felon thereon, is unanimously affirmed. The major issue that requires discussion is the admissibility of the testimony of Detective Longo that he had received a telephone call from someone who had identified himself as "Speedy, Julius, Julius Lynes" (the defendant's name); that the caller asked why the detective was looking for him; the detective responded that "your knife was found in an apartment" to which the caller replied, "Oh no, Oh no"; that the detective asked the caller if he would come in and talk to him, and the caller said, "no". The problem is mainly as to the authentication of the call as the detective had never spoken to the defendant before and was unable to identify him by voice. We think there was sufficient authentication to justify the receipt of the testimony relating to the telephone call. To begin with, the authenticity of a telephone call testified to by the recipient is a preliminary question of fact, preliminary to the admissibility of evidence; and the determination of such preliminary questions of fact is not restricted by the ordinary exclusionary rules of evidence. (5 Wigmore, Evidence [Chadbourn rev 1974], § 1385; Fisch, New York Evidence [2d ed], § 18; Fed Rules, Evidence, rule 104, subd [a] [US Code, tit 28, Appendix].) Passing that, the authentication of telephone conversations is not restricted to cases where the recipient recognizes the voice of the caller. "Circumstantial evidence is permissible to authenticate the voice heard over the telephone when the message reveals that the speaker had knowledge of facts that only he would be likely to know, or if other confirmatory circumstances make it probable that he was the speaker. (Wigmore, Evidence [3d ed.], § 2155; McCormick, Evidence, § 193; *Mankes v. Fishman,* 163 App. Div. 789; *Henderson & Co. v. Baron,* 164 N. Y. S. 697; *Friedman v. Schlossberg,* 186 N. Y. S. 78.)." *(Levine & Co. v Wolf's Package Depot,* 29 Misc 2d 1085, 1088, affd on other grounds, 1 AD2d 874; accord *Ruegg v Fairfield Securities Corp.,* 284 App Div 703, 705; *Ottida, Inc. v Harriman Nat. Bank,* 260 App Div 1008.) In particular, where the witness has left a message requesting a particular person to call and shortly thereafter, in ordinary course, receives a call in which the caller identifies himself as the person for whom the message was left, the conversation has been held sufficiently authenticated. *(International Harvester Co. of Amer. v Caldwell,* 198 NC 751.) In the present case, the detective left a message with someone who identified himself as the defendant's brother, stating that he wanted to speak to Speedy, Julius Lynes, about a warrant and gave the man a slip of paper containing his name and telephone number and the man stated that he would give the paper to Speedy and would try to have him contact the detective. A few hours later, the detective received a telephone call from a caller who identified himself as Speedy, Julius Lynes, and in that conversation the caller displayed knowledge of the facts that only he would likely know and that he was responding to the message. In addition, the victim, a woman, had seen the defendant in the street two days after the incident and identified him at that time as the perpetrator; he ran into a nearby building; people nearby told her that the man was known as Speedy. She informed the detective who inquired in the building into which the perpetrator had run and was told by a man who identified himself as

Speedy's brother that Speedy's name was Julius Lynes. There then ensued the incidents described above with respect to the message for Speedy and the call from a caller who identified himself as Speedy, Julius Lynes. Thereafter when the defendant was apprehended he said that he knew the detective that was looking for him. And when the victim again saw the defendant, she identified him as the perpetrator, as the man whom she had again seen in the street and recognized as the perpetrator, who was identified to her as Speedy; and the defendant's name is Julius Lynes. In all the circumstances, we think the evidence of the telephone conversation was properly received. Concur—Lupiano, J. P., Silverman, Fein, Lane and Sullivan, JJ.